IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03098-BNB

EARL J. CROWNHART,

    Applicant,

v.

SHANTELL COSTILLO,

    Respondent.

ORDER OF DISMISSAL

    Plaintiff, Earl J. Crownhart, currently is held at the Colorado Mental Health Institute at Pueblo, Colorado.  Mr. Crownhart, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  In an order entered on November 28, 2012, Magistrate Judge Boyd N. Boland found that Mr. Crownhart was challenging a state criminal case in which he had not been convicted and ordered him to file his claims on a Court-approved form used in filing 28 U.S.C. § 2241 actions.  Magistrate Judge Boland also instructed Mr. Crownhart to submit a certificate showing the current balance in his account.

    After filing several pleadings unrelated to the habeas action, Mr. Crownhart filed his claims on a § 2241 Court-approved form and submitted an account statement. Magistrate Judge Boland then granted Mr. Crownhart leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court has reviewed Mr. Crownhart's § 2241 Application.  Mr. Crownhart is not challenging a pending criminal proceeding against him, as it appeared he was attempting to do in the § 2254 Application that he filed to initiate his action.  He is

challenging Respondent's alleged taking of his watch on November 3, 2012. As relief, Mr. Crownhart seeks prosecution of Respondent under Colo. Rev. Stat. § 18-1.3-205 (A)(1)(b)(3). The Court notes that § 18-1.3-205 does not contain a subsection (A)(1)(b)(3). Also, § 18-1.3-205 pertains to restitution as a condition of probation in a criminal proceeding.

Pursuant to *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011), "[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 . . . ." Nonetheless, even if the Court were to construe the action more properly filed as a prisoner complaint, the claims would be dismissed for the following reasons.

First, regarding the taking of his watch, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Mr. Crownhart fails to allege that a meaningful postdeprivation remedy was unavailable.

Second, the relief Mr. Crownhart seeks is not available under either § 2241 or 42 U.S.C. § 1983.

Finally, Mr. Crownhart is subject to filing restrictions under 28 U.S.C. § 1915(g). *Crownhart v. Hernandez, et al.*, No. 09-cv-00357-MJW-KLM (D. Colo. Oct. 9, 2009) (dismissed for failure to state a claim under Fed. R. Civ . P. 12(b)(6)); *Crownhart v. Sullivan, et al.*, No. 08-cv-02009-ZLW (D. Colo. Nov. 26, 2008) (dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(I)), *aff'd*, No. 08-1483 (10th Cir. Oct. 5, 2009) (district court's dismissal counts as a strike under 28 U.S.C. § 1915(g) as well as the

appeal); *Crownhart v. People of State of Colo., et al.*, No. 08-cv-00063-ZLW (D. Colo. Feb. 21, 2008) (dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(I)); *Crownhart v. Abbott, et al.*, No. 07-cv-02241-ZLW (D. Colo. Jan. 28, 2008) (dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(I)). Mr. Crownhart is not able to proceed pursuant to 28 U.S.C. § 1915 because he does not assert imminent danger of serious physical injury.

Nonetheless, the Court will dismiss this action as legally frivolous. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Crownhart files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice.

DATED at Denver, Colorado, this  24th  day of    January   , 2013.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court